**AI ZHU LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 07–4502–ag.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Gregory G. Katsas, Asst. Attorney General; M. Jocelyn Lopez Wright, Asst. Director; Paul T. Cygnarowicz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Zhu Li, a native and citizen of the People's Republic of China, seeks review of a September 20, 2007 order of the BIA denying her motion to reopen. *In re Ai Zhu Li,* No. A077 053 687 (B.I.A. Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ The agency did not err in denying Li's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). We have previously reviewed the BIA's consideration of evidence similar to that which Li submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the applicable time and numerical limitations or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei*

*Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Li's arguments related to the filing of a successive asylum application, including her equal protection and United Nations Protocol arguments, are without merit. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008). Finally, we lack jurisdiction to consider any argument that the BIA abused its discretion by declining to reopen Li's proceedings *sua sponte. See Ali,* 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.